IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **GRAPHIC ARTS MUTUAL INSURANCE COMPANY** § § § | |
| v. § | CIVIL ACTION NO. |
| § § | |
| **KEUNNAMU PRESBYTERIAN CHURCH d/b/a THE GREAT TREE CHURCH** § § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Graphic Arts Mutual Insurance Company (hereinafter "Graphic Arts") complains of Defendant Keunnamu Presbyterian Church d/b/a the Great Tree Church (hereinafter referred to as the "Defendant"), and alleges as follows:

## I.
## PARTIES

1.01   Plaintiff Graphic Arts is a corporation organized under the laws of the State of New York with its principal place of business in New Hartford, Oneida County, New York, and authorized to do business in the State of Texas.

1.02   Defendant Keunnamu Presbyterian Church d/b/a The Great Tree Church is a Texas domestic nonprofit corporation with its principal place of business at 3114 Old Denton Road, Carrolton, Denton County, Texas.  It may be served with process by serving its registered agent, Guibo Kim at 3114 Old Denton Road, Carrolton, Denton County, Texas, or wherever he/she may be found.

## II.
## JURISDICTION AND VENUE

2.01   This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

2.02   There is complete diversity between the parties as required by 28 U.S.C. §1332(a).  Plaintiff is a corporation organized under the laws of the State of New York with its principal place of business in New Hartford, Oneida County, New York.  Defendant is a Domestic Nonprofit Corporation organized under the laws of the State of Texas, with its principal place of business at 3114 Old Denton Road, Carrollton, Denton County, Texas.

2.03   Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred within this judicial district and venue is proper pursuant to 28 U.S.C. §1391(c)(2) because the corporate Defendant has its principal place of business in this judicial district.

2.04   The amount in controversy exceeds $75,000.00, excluding interest and costs. Specifically, Defendant contends it is entitled to benefits from the insurance policy issued by Graphic Arts in excess $300,000.00.

## III.
## FACTUAL BACKGROUND

3.01   Graphic Arts provided a Commercial Edge Businessowners Insurance Policy 5068407 to Defendant with a policy period of August 16, 2017 to August 16, 2018 (the "Policy").

3.02   Defendant owns and operates a church located at 3114 Old Denton Road, Carrollton, Denton County, Texas (the "Property").  The Property was generally covered un the Policy.

3.03   Defendant asserts a hail storm occurred on June7, 2018 which caused damage to

several areas and parts of the Property.  Specifically, Defendant asserts there was hail damage to the gravel-ballasted, built-up roof, hail damage to the metal tops of seven roof-mounted HVAC units, hail damage to a tile roof on the portico, hail damage to metal wall panels and the metal fascia along the portico structure and interior water damage caused by this hail damage.

      3.04    Graphic Arts retained Bradley Miller, P.E. of Rimkus Consulting Group to inspect the Property.  Mr. Miller's inspection showed no hail damage to the gravel–ballasted, built-up roofing of the building but rather damage due to Defendant's failure to perform recommended maintenance, water standing on the roof, and deterioration. There were indentations in the metal tops of seven roof-mounted HVAC units due to hail impacts, which had not compromised the functionality of the HVAC units. There were indentations in the ribbed metal wall panels along the west side of the building, in the metal fascia along the west gable rake of the portico structure, and in the top of a metal gas vent due to hail impacts. There were approximately 40 clay roofing tiles on the portico roof structure that had impact fractures/breaks due to hail impacts.  The moisture staining of the interior finishes was caused by water intrusion through non-storm-created openings in the roof coverings due to long term, age-related deterioration of the building top, a failure of Defendant to perform recommended maintenance to the roof and by repetitive ponding of water on the surface of the roof. The moisture staining and separation of the exterior soffit finishes were caused by migration of rainwater from the channel-shaped metal trim along the outer edges of the soffit.

      3.05    Based on the findings of Mr. Miller, Graphic Arts determine there was no covered damage to the gravel-ballasted, built-up roofing on the Property.  However, Graphic Arts determined there was covered hail damage to the seven roof mounted HVAC units, the metal fascia and roof rake and the clay roofing tiles on the portico roof structure.  Based on a repair

estimate prepared by Mr. Mitch Shaver of the Littleton Group, Graphic Arts issued a check to Defendant in the amount of $6,852.96.  This amount was calculated as follows:

| | |
|---|---|
| Replacement cost: | $25,344.27 |
| Less Recoverable Depreciation | $ 1,991.31 |
| Less Hail Deductible | $16,500.00 |
| Net Payment | $ 6,852.96 |

3.06    Despite the fact the dispute between Graphic Arts and Defendant involved whether damage was covered under the Policy as opposed to the amount of the covered damage, Defendant requested the dispute be submitted to an appraisal pursuant to the terms of the Policy. Defendant selected Doug Laczynski as its appraiser and Graphic Arts selected Jeromy Fielder as its appraiser.  Mr. Laczynski and Mr. Fielder selected Britton Elliot as the umpire.

3.07    Despite the fact the issue in controversy was whether the damage to the built-up, ballasted roof was caused by one of four alternative causes – deferred maintenance, deterioration, standing water from other sources or hail damage – Mr. Elliott made a coverage determination and determined the damage to the built-up, ballasted roof was covered under the Policy and issued an award in the amount of $369,515.80 less depreciation of $26,562.44, leaving an actual cash value of $342,953.36.

3.08    Attached hereto as Exhibit A is a true and correct copy of the award of the umpire which is incorporated by reference as if fully set forth herein.

## IV.
## POLICY

4.01    Defendant. was insured by Graphic Arts Insurance Company under Commercial Edge Businessowners Insurance Policy 5068407 with a policy period of August 16, 2017 to August 16, 2018 (the "Policy").

4.02    Attached hereto as Exhibit "B" are relevant portions of the Policy which are incorporated by reference as if fully set forth herein.

4.03    The Policy provides in pertinent part as follows concerning coverage and exclusions:

**SECTION I – PROPERTY**

**A.    Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.    Covered Property**

Covered Property includes Buildings as described under Paragraph **a.** below, Business Personal Property as described under Paragraph **b.** below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph **2.** Property Not Covered.

**3.    Covered Causes Of Loss**

Risks of direct physical loss unless the loss is:

a. Excluded in Paragraph B. Exclusions in Section 1; or

b. Limited in Paragraph 4. Limitations in Section 1.

**B.    Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following.

Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

…

**l. Other Types Of Loss**

**(1)** Wear and tear;

**(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any

quality in property that causes it to damage or destroy itself;

…

 **(4)** Settling, cracking, shrinking or expansion;

…

But if an excluded cause of loss that is listed in Paragraphs **(1)** through **(7)** above results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

…

**p. Continuous Or Repeated Seepage Or Leakage Of Water**

Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

…

 3.  We will not pay for loss or damage caused by or resulting from any of the following Paragraphs a. through c. But if an excluded cause of loss that is listed in Paragraphs a. through c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

**a.  Weather Conditions**

Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **B.1.** above to produce the loss or damage.

…

**c.  Negligent Work**

Faulty, inadequate or defective:
- **(1)** Planning, zoning, development, surveying, siting;
- **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
- **(3)** Materials used in repair, construction, renovation or remodeling; or
- **(4)** Maintenance;

of part or all of any property on or off the described premises.

Please refer to your endorsement **RELIGIOUS INSTITUTIONS LINK FORM** 8-E-3880 04-2014 for the interior water damage which states the following:

The following **Additional Coverages** are added:

**E. Seepage and Property in the Open**

   We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from continuous or repeated seepage or leakage of water; except through faulty roof coverings, flashings, or shingles; for a period of less than 14 days.

We will also pay for direct physical loss of or damage to Business Personal Property in the open at the premises described in the Declarations caused by or resulting from rain, snow, ice, or sleet

   4.04   The Policy also included the following concerning appraisal:

**E. Property Loss Conditions**

**1. Abandonment**

There can be no abandonment of any property to us.

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser.
The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and
**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

**V.
CAUSE OF ACTION - SUIT FOR DECLARATORY JUDGMENT**

   5.01   Graphic Arts hereby incorporates by reference the preceding paragraphs 1.01 through 4.04 as if set forth in their entirety herein.

5.02    Real and justifiable controversies have arisen and now exist between Graphic Arts and Defendant for which Graphic Arts desires a declaration of rights concerning the contractual obligations of Graphic Arts to pay for the damage, if any, to the built-up, ballasted roof at the Property, whether the appraisal was appropriate because the dispute between Graphic Arts and Defendants involved coverage and not the amount of loss and whether the umpire exceeded the permissible scope of an appraisal by reaching a conclusion as to which one of four different causes caused the damage to the built-up, ballasted roof at the Property.

5.03    A declaratory judgment is necessary because Graphic Arts and Defendant Melissa Saxon disagree over the interpretation and application of the Policy's terms and conditions as to the obligations of Graphic Arts.

5.04    Pursuant to 28 U.S.C. § 2201, Graphic Arts requests that the Court declare and decide the following issues:

a.  The appraisal clause contained in the Policy limits appraisals to disputes over the amount of loss and not the cause of a loss and whether that loss is covered under the Policy.  Therefore, this appraisal was inappropriate under the terms of the agreement between the parties.

b.  The umpire issued a finding which exceeded the agreement between the parties contained in the Policy in that the umpire's award chose which of four different causes of loss caused the damage to the built-up, ballasted roof.  Therefore, the award should be set aside.

c.  The appraisal clause contained in the Policy specifically allows Graphic Arts to challenge an appraisal award if Graphic Arts asserts the loss is not covered under the Policy.

    d.    Defendant has not met its burden in the appraisal to show it suffered a covered loss to the built-up, ballasted roof at the Property.

    e.    The evidence establishes the damage to the built-up, ballasted roof is not covered under the Policy.

5.05    Graphic Arts requests that the Court make such other and further declarations as may be appropriate.

## VI.
## ATTORNEYS' FEES

6.01    Should Graphic Arts prevail on this lawsuit, it is entitled to an award of attorneys' fees under Texas Civil Practice and Remedies Code §37.009, which authorizes an award of fees and costs as is equitable and just in a suit under the Declaratory Judgment Act.  Further, Graphic Arts is entitled to an award of attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Chapter 38.  The claims underlying the declaratory relief sought by Graphic Arts are contractual in nature, and Chapter 38 allows recovery of attorneys' fees in contract actions.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Graphic Arts Mutual Insurance Company respectfully requests that Defendant be cited to appear herein, that the Court enter the declarations specified above, that Graphic Arts Mutual Insurance Company recover its attorneys' fees and for such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted, this 11th day of December, 2019.

/s/ Sandra Liser
SANDRA LISER
State Bar No. 17072250
DAVID B. DOWELL
State Bar. No. 06077950
NAMAN, HOWELL, SMITH & LEE, PLLC
Fort Worth Club Building
306 West 7th Street, Suite 405
Fort Worth, Texas 76102-4911
Telephone:     (817) 509-2025
Facsimile:     (817) 509-2060
Email: sliser@namanhowell.com
Email: bdowell@namanhowell.com

ATTORNEYS FOR PLAINTIFF
GRAPHIC ARTS MUTUAL
INSURANCE COMPANY